**CYNDEE L. PETERSON**
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 8329
Missoula, MT 59807
105 East Pine Street, 2nd Floor
Missoula, MT 59801
Phone:   (406) 542-8851
FAX:      (406) 542-1476
Email:    Cyndee.Peterson@usdoj.gov

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

**FILED**
JAN 1 1 2018
Clerk, U.S District Court
District Of Montana
Missoula

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BUTTE DIVISION

| UNITED STATES OF AMERICA, | CR 17-018-BU-DLC |
|---|---|
| Plaintiff, | PLEA AGREEMENT |
| vs. | |
| SHANE MICHEAL COURTNEY, | |
| Defendant. | |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States of America, represented by Cyndee L. Peterson, Assistant United States Attorney for the District of Montana, and the defendant, Shane Micheal Courtney, and the defendant's attorney, John Rhodes, have agreed upon the following:

1. **Scope:** This plea agreement is between the United States Attorney's Office for the District of Montana and the defendant. It does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority, or the United States Probation Office.

2. **Charges:** The defendant agrees to plead guilty to count 3 of the indictment, which charges the crime of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). This offense carries a maximum punishment of 20 years imprisonment, a $250,000 fine, not less than 5 years or more than lifetime supervised release, a $100 special assessment, and a $5,000 special assessment. The defendant also agrees to admit the forfeiture allegation, and will agree to forfeit his interest in the following additional devices: Western Digital 3 TB SN: WCAWZ0833770, Seagate 40 GB SN: 3JX6BL70, and SanDisk 16 GB Cruzer USB Thumb drive.

At the time of sentencing, if the Court accepts this plea agreement, the United States will move to dismiss counts 1 and 2 of the indictment.

3. **Nature of the Agreement:** The parties agree that this plea agreement will be governed by Rule 11(c)(1)(A) and (B), *Federal Rules of Criminal Procedure*. The defendant acknowledges that the agreement will be fulfilled provided the United States: a) moves to dismiss, and the Court agrees to dismiss, counts 1 and 2 of the indictment and does not pursue other charges against the

defendant; and b) makes the recommendations provided below. The defendant understands that if the agreement is accepted by the Court, and counts 1 and 2 are dismissed, there will not be an automatic right to withdraw the plea even if the Court does not accept or follow the recommendations made by the United States.

4. **Admission of Guilt:** The defendant will plead guilty because the defendant is guilty of the charge contained in count 3 of the indictment. In pleading guilty, the defendant acknowledges that:

First, that the defendant knowingly possessed any matter that contained an image of child pornography, as defined in 18 U.S.C. § 2256(8);

Second, that such child pornography had been transported in interstate or foreign commerce by any means, including by computer, or that such child pornography had been produced using materials that had been mailed or shipped or transported in interstate commerce by any means, including by computer; and

Third, the defendant knew that such items constituted child pornography.

The defendant also admits that the video images of child pornography he possessed include images of prepubescent children involved in sexually explicit conduct.

| AUSA | DEF | ATTY | Date |
|------|-----|------|------|
| ʲᴶ― | ᴍᴄ | JR | 1.9.18 |

Page 3

The defendant also admits he used the following property to facilitate the commission of the offense:

1) Gigabyte System Unit, s/n 4112RTL1036040, and

2) Hitachi 124 GB external hard disk drive, s/n G4CSG4LL.

**5.  Waiver of Rights by Plea:**

(a)  The government has a right to use against the defendant, in a prosecution for perjury or false statement, any statement given under oath during the plea colloquy.

(b)  The defendant has the right to plead not guilty or to persist in a plea of not guilty.

(c)  The defendant has the right to a jury trial unless, by written waiver, the defendant consents to a non-jury trial. The United States must also consent and the Court must approve a non-jury trial.

(d)  The defendant has the right to be represented by counsel and, if necessary, have the Court appoint counsel at trial and at every other stage of these proceedings.

(e)  If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random. The defendant and the defendant's attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising

peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

(f) If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not the judge was persuaded of the defendant's guilt beyond a reasonable doubt.

(g) At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses and the defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence. If the witnesses for the defendant would not appear voluntarily, their appearance could be mandated through the subpoena power of the Court.

(h) At a trial, there is a privilege against self-incrimination so that the defendant could decline to testify and no inference of guilt could be drawn from the refusal to testify. Or the defendant could exercise the choice to testify.

(i) If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal the conviction to

| AUSA | DEF | ATTY | Date |
|------|-----|------|------|
| _/s/_ | _MmC_ | _JR_ | 1.9.18 |

Page 5

the Ninth Circuit Court of Appeals for review to determine if any errors were made that would entitle the defendant to reversal of the conviction.

(j)  The defendant has a right to have the district court conduct the change of plea hearing required by Rule 11, Federal Rules of Criminal Procedure. By execution of this agreement, the defendant waives that right and agrees to hold that hearing before, and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge, if necessary.

(k)  If convicted in this matter, a defendant who is not a citizen of the United States may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

The defendant understands that by pleading guilty pursuant to this agreement, the defendant is waiving all of the rights set forth in this paragraph. The defendant's attorney has explained those rights and the consequences of waiving those rights.

**6.  Recommendations:** The United States will recommend the defendant's offense level be decreased by two levels for acceptance of responsibility, pursuant to USSG §3E1.1(a), unless the defendant is found to have obstructed justice prior to sentencing, pursuant to USSG §3C1.1, or acted in any way inconsistent with acceptance of responsibility. The United States will move for an additional one-level reduction, pursuant to USSG §3E1.1(b), if appropriate

under the Guidelines.  The parties reserve the right to make any other arguments at the time of sentencing.  The defendant understands that the Court is not bound by this recommendation.

**7.     Sentencing Guidelines:** Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable.

**8.     Restitution:** Restitution is mandatory.  18 U.S.C. § 2259.  The defendant agrees to pay restitution in the amount of $3,000 per victim to any victim (associated with counts 1, 2 or 3 of the indictment) who may be identified and requests restitution prior to sentencing, with the caveat that if the total number of victims results in an amount of restitution exceeding $50,000 total, neither party shall be bound by this paragraph and the restitution amount will be litigated or renegotiated.

**9.     Sexual Offender Requirements and Agreement to Comply:** Prior to sentencing, the defendant agrees to obtain a sexual offender evaluation from a provider acceptable to the U.S. Probation Office, which will include behavioral testing and a polygraph examination to determine the accuracy of the information given to evaluators.  In exchange for the concessions made by the government, the defendant agrees to bear all costs of the evaluation and the behavioral and polygraph testing required by this agreement.  The defendant agrees that the entire

evaluation and all testing will be released to the Court, the United States Attorney's Office, and the United States Probation Office.

**10. Megan's Law/Adam Walsh Act Notice:** The defendant has been advised and understands that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment, and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that registrations must be updated no later than three business days after any change of name, residence, employment, or student status. The defendant understands and acknowledges that, prior to any travel, information must be provided relating to intended travel outside of the United States. 42 U.S.C. § 16914. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

**11. Unconditional Waiver of Appeal of the Sentence:** The defendant understands that the law provides a right to appeal and collaterally attack the

| AUSA | DEF | ATTY | Date | | |
|---|---|---|---|---|---|
| *[signature]* | *[signature]* | *[signature]* | 1.9.18 | | Page 8 |

sentence imposed in this case. Based on the concessions made by the United States in this case, the defendant knowingly waives any right to appeal the sentence and any right to bring any other post-conviction attack on the sentence. This waiver includes all conditions of supervised release and any order of restitution. The defendant specifically agrees not to file a motion under 28 U.S.C. § 2255 or § 2241 attacking the sentence. This waiver does not prohibit the right to pursue or maintain such an action alleging ineffective assistance of counsel.

**12. Voluntary Plea:** The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made to induce the defendant to plead guilty, and that this agreement is freely and voluntarily endorsed by the parties.

**13. Forfeiture:** The defendant also agrees to abandon all right title and interest in the property described in the forfeiture allegation of the indictment, execute a release and waiver to that effect, or agree to the entry of an Order of Forfeiture transferring the property to the United States. The defendant will also voluntarily forfeit his interest in the following additional devices: Western Digital 3 TB SN: WCAWZ0833770, Seagate 40 GB SN: 3JX6BL70, and SanDisk 16 GB Cruzer USB Thumb drive.

**14. Detention/Release After Plea:** The United States agrees that it will not move for detention, but will defer to the discretion of the Court the decision as

| AUSA | DEF | ATTY | Date |
|---|---|---|---|
| _/s/_ | _/s/_ | _/s/_ | 1.9.18 |

to whether the defendant meets the conditions of 18 U.S.C. § 3143(a)(1) or (2), and whether the defendant has clearly shown exceptional reasons why detention is not appropriate. 18 U.S.C. § 3145(c). The United States is obligated to advise the Court of the appropriate legal standards that relate to the defendant's eligibility for post-conviction release. The defendant acknowledges that obligation and understands that advising the Court as to the law and facts is not an abrogation of its agreement not to request remand.

15. **Disclosure of Financial Information:** The defendant authorizes the U.S. Probation Office to release to the Financial Litigation Unit of the U.S. Attorney's Office all documents and financial information provided by the defendant to the U.S. Probation Office and any information obtained by the U.S. Probation Office about the defendant through its investigation. The defendant further agrees to fully complete a financial statement in the form prescribed by the U.S. Attorney's Office, provide financial documents as requested, and submit to a debtor's exam if deemed appropriate by the U.S. Attorney's Office, in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant consents to being immediately placed on the Treasury Offset Program to help meet the defendant's obligation to pay restitution and/or a fine.

16. **Breach:** If the defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and

sentencing, the U.S. Attorney's Office is relieved of its obligations under this agreement, but the defendant may not withdraw the guilty plea.

17. **Entire Agreement:** Any statements or representations made by the United States, the defendant, or defense counsel prior to the full execution of this plea agreement are superseded by this plea agreement. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. This plea agreement constitutes the entire agreement between the parties. Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.

KURT G. ALME
United States Attorney

_____ For
CYNDEE L. PETERSON
Assistant U. S. Attorney
Date: 1/11/18

_____
SHANE MICHEAL COURTNEY
Defendant
Date: 1/9/18

_____
JOHN RHODES
Defense Counsel
Date: 1.11.18

AUSA   DEF   ATTY   Date   1.9.18