**CYNDEE L. PETERSON**
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 8329
Missoula, Montana 59807
105 E. Pine, 2nd Floor
Missoula, Montana 59802
Phone: (406) 542-8851
FAX: (406) 542-1476
Email: Cyndee.Peterson@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SHANE MICHEAL COURTNEY,<br><br>Defendant. | CR 17-18-BU-DLC<br><br><br>**OFFER OF PROOF** |

Defendant Shane Micheal Courtney has signed a plea agreement pursuant to Rule 11(c)(1)(A) and (B) which contemplates his plea of guilty to count 3 of the indictment which charges possession of child

1

pornography, in violation of 18 U.S.C. § 2252A(a)(5). The defendant also agrees to admit the forfeiture allegation. The defendant's plea of guilty will be unconditional.

The United States presented any and all formal plea offers to the defendant in writing. The plea agreement entered into by the parties and filed with the court represents, in the government's view, the most favorable offer extended to the defendant. *See Missouri v. Frye*, 132 S.Ct. 1399 (2012).

**ELEMENTS.** In order to prove possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5), against the defendant at trial, the United States would have to prove the following elements beyond a reasonable doubt:

> First, that the defendant knowingly possessed any matter that contained an image of child pornography, as defined in 18 U.S.C. § 2256(8);
>
> Second, that such child pornography had been transported in interstate or foreign commerce by any means, including by computer, or that such child pornography had been produced using materials that had been mailed or shipped or transported in interstate commerce by any means, including by computer; and
>
> Third, the defendant knew that such items constituted child pornography.

For the enhanced penalty, the government would also need to prove the visual depictions included a minor engaged in sexually explicit conduct who had not attained 12 years of age.

**Forfeiture:** In order for property to be forfeited, the United States would need to prove that the 1) Gigabyte System Unit, s/n 4112RTL1036040, and 2) Hitachi 124 GB external hard disk drive, s/n G4CSG4LL, were used to facilitate the commission of the offense.

**PROOF**. If called upon to prove this case at trial, and to provide a factual basis for the defendant's plea, the United States would present, by way of the testimony of law enforcement officers, lay and expert witnesses, and physical evidence, the following:

In November 2016, an FBI agent was investigating individuals downloading and possessing files depicting child pornography over the internet. Through IP address records, the agent determined a computer at the defendant's residence in Anaconda, Montana, had known child pornography files available for download.

On February 28, 2017, agents searched the defendant's residence pursuant to a federal search warrant. Agents seized a computer and

storage devices during the search including a Gigabyte System Unit, s/n 4112RTL1036040, and a Hitachi 124 GB external hard disk drive, s/n G4CSG4LL.

A computer forensic examiner determined those two items contained files, images and videos, depicting child pornography as defined by 18 U.S.C. 18 U.S.C. § 2256(8)(A). Some of the files depicted images of prepubescent children involved in sexually explicit conduct. On the computer, the examiner located lists of child pornography links, torrent sites, and newsgroups. These files contained keywords generally associated with searching for and collecting child pornography. The examiner determined the external drive contained images with creation dates that began in June 2005.

DATED this 16th day of January, 2018.

KURT G. ALME
United States Attorney


*/s/ Cyndee L. Peterson*
Assistant U.S. Attorney
Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that on 1/16/18, a copy of the foregoing document was served on the following persons by the following means:

(1)        CM/ECF
( )        Hand Delivery
( )        U.S. Mail
( )        Overnight Delivery Service
( )        Fax
( )        E-Mail

1)    John Rhodes, AFD
       Attorney for defendant Courtney

*/s/ Cyndee L. Peterson*
Assistant U.S. Attorney
Attorney for Plaintiff